GORHAM MANUFACTURING COMPANY *vs.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

PROVIDENCE—FEBRUARY 27, 1905.

PRESENT: Douglas, C. J., and Dubois, J.

(1) *Public Statutes. Evidence. Variance.*

Under the provisions of Gen. Laws cap. 26, § 15, "Every act of incorporation shall be so far deemed a public act that the same may be declared on and given in evidence, without specially pleading the same," an act amending the charter of defendant is properly admitted in evidence on behalf of the plaintiff, although not pleaded in the declaration.

(2) *Railroads. Statutes.*

Pub. Laws passed at the June session, 1836, entitled "An act in amendment of an act entitled 'An act to incorporate the New York, Providence & Boston Railroad Co.,'" passed June session, 1832, established, by section 2, a liability for damage by fire communicated from the engines of said corporation.

Pub. Laws passed at the October session, 1846, in amendment of the acts of 1832 and 1836, provided: Sec. 9, "Said railroad shall be managed, governed, and protected in all respects by the provisions of the charter and amendments heretofore granted to the New York, Providence and Boston Railroad Company."

Defendant was the successor to the New York, Providence & Boston Railroad Company, and subject to the duties, liabilities, and obligations imposed by said acts upon the latter corporation:—

*Held,* that the amendment of 1846 was subject to the provisions of the charter and of the prior amendments thereto, and that defendant was liable therefor under the provisions of section 2 of the act of 1836.

(3) *Evidence. Fires from Locomotive Sparks.*

In an action to recover for injuries caused by fire alleged to have been communicated by defendant's locomotive engines, proof of the presence of cinders on the roof of the building in question on a day prior to the fire is

admissible as tending to show the possibility of fire being thus communicated at that distance from a locomotive.

DEBT under statute. Heard on petition of defendant for new trial, and denied.

DUBOIS, J.    This is an action of debt for damage caused by fire communicated from defendant's engine, brought under section 2 of an act passed at the June session, 1836, of the General Assembly, entitled "An act in amendment of an act entitled 'An act to incorporate the New York, Providence and Boston Railroad Company,'" passed at June session, A. D. 1832, which section reads as follows:

"SEC. 2.    And be it further enacted, that said corporation shall be liable to pay to the owner or owners for all damages which may arise from the burning of houses, wood, hay, or any other substance whatever, by fire communicated from the engines, cars, or other vehicles of said corporation, or by those in their employ, damages equal to the value thereof, with all the lawful costs; to be recovered in an action of debt, in any court competent to try the same."

(1)    After a verdict for the plaintiff the defendant has brought its petition for a new trial, and now claims that four questions are thereby raised for determination, viz.: First. Is there a variance between the declaration and the evidence? Second. Is the defendant liable under said section 2 for the fire which is the subject-matter of this suit? Third. Is the verdict against the evidence? And fourth,—Did the presiding justice err in admitting testimony?

The question of variance arose in manner following: It appears that the New York, Providence and Boston Railroad Company was created by an act of the General Assembly passed at its June session, 1832; that this act was amended in the June session, 1836, by the act hereinbefore referred to, and that said acts were amended by an act passed at the October session, 1846, of the General Assembly; that the defendant is a duly chartered railroad corporation under the laws of Rhode Island and successor to the New York, Providence and Boston

Railroad Company and subject to the duties, liabilities, and obligations imposed by said acts upon the latter corporation. The declaration, while reciting the said acts of 1832 and 1836, is silent in regard to the act of 1846. At the trial of the case the plaintiff introduced in evidence the aforesaid acts of 1832 and 1836, and offered in evidence the said act of 1846 against the objection of the defendant upon the ground that it was not set out in the declaration.

The defendant contends that there is a hiatus between the two parts of the declaration, and that no connection is shown between the railroad operated by the New York, Providence and Boston Railroad Company and leased to the defendant and the railroad running along by the plaintiff's ice-houses. That is, the defendant objects that the plaintiff does not set forth in its declaration the act passed by the General Assembly under which the predecessor of the defendant constructed the railroad which the plaintiff in said declaration describes as "near to and not far distant from said premises and buildings of the plaintiff."

The plaintiff claims that it was not necessary to plead it in the declaration, because it is a public statute and therefore one of which the court would take judicial notice.

The presiding justice admitted said act of 1846, and the defendant duly excepted. We find no variance in that respect between the declaration and the proof. The original charter and its amendments were properly admitted under the declaration. Gen. Laws R. I. cap. 26, § 15, provides: "Every act of incorporation shall be so far deemed a public act, that the same may be declared on and given in evidence, without specially pleading the same."

(2)   Whether the defendant is liable, under section 2 of the act of 1836, for the fire which is the subject-matter of the suit depends upon the construction to be placed upon section 9 of the act of 1846, which reads as follows:

"SEC. 9. Said railroad, when the same shall have been constructed, shall be managed, governed and protected, in all respects by the provisions of the charter and amendments

heretofore granted to the New York, Providence and Boston Railroad Company."

One of the definitions of the word "govern" given by Webster's International Dictionary is: "to regulate by authority;" another, "to direct or control." To be "governed," therefore, is to be regulated by authority, or to be directed or controlled; and one regulated, directed, or controlledby authority of another is subject to that other. While the words chosen may not be as apt as others that might be suggested as more commonly in use on such occasions, we have no doubt that the provisions of the act of 1836 governed the amendment of 1846, and that said last-mentioned act was subject to the provisions of the charter and amendments thereto.

The act of 1846 empowered the New York, Providence and Boston Railroad Company to locate, lay out, and construct a railroad in extension of their railroad then located and constructed, within certain limits, in such a manner as to enable them to connect it with the railroad of the Providence and Worcester Railroad Company, or with the railroad of the Boston and Providence Railroad Company upon the cove in the city of Providence; and while said act contains ample provision for said location, lay out, and construction, it contains no original provision defining the rights and privileges or duties and liabilities of the corporation over and concerning this particular portion of the railroad; nor was it necessary, as this had been attended to in the proper place, viz.: in the charter of the road and the amendment thereto contained in the acts of 1832 and 1836. It was sufficient to do what was done in the act in section 9—simply to refer to the provisions of the charter and amendments theretofore granted to the railroad for the management, government, and protection in all respects of said railroad when constructed.

We find, therefore, that the defendants would be liable, under the provisions of section 2 of the act of 1836 for all damages arising from the burning of houses, etc., by fire communicated from the engines, etc., of the corporation.

Is the verdict against the evidence? The evidence was conflicting and largely circumstantial, therefore it was pecu-

liarly within the province of the jury.   There is evidence tending to support the verdict, and we can not say that the preponderance of the evidence does·not support it;   and there is nothing to indicate that the jury were improperly affected by passion or prejudice.   The amount of the verdict indicates that the jury adopted the figures given by the witnesses for the defendant as the amount of damage sustained by the plaintiff instead of the larger sum claimed by the plaintiff and testified to by its witnesses.

(3)   The defendant took exception to a ruling of the presiding justice allowing a question to be put to and answered by Robert F. Barbour, a witness for the plaintiff, as follows:   Question. "I will ask you when you went up there on the 2d to clean out the gutters, whether or not you observed any cinders on the roof or in the gutters?"   Answer.   "Cinders always on the roof."

The defendant claims that this was error upon the part of the presiding justice, and relies upon the same as a ground for a new trial.

It appears from the record that the question related to the day before the fire complained of, and that the objection was made upon the ground that the question was impertinent and immaterial.

It was both pertinent and material to prove that burning coals could be carried from defendant's locomotives to and upon the roof of the building where the fire originated; and as live coals become cinders after the fire leaves them, proof of the presence of spent missiles of fire in a given locality is admissible as tending to show the possibility of a fire being thus communicated at that distance from a locomotive. *MacDonald v. N. Y., N. H. & H. R. R. Co.*, 25 R. I. 40.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Edwards & Angell*, for plaintiff.

*David S. Baker and Lewis A. Waterman*, for defendant.